**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MERRIMACK MUTUAL FIRE INS. CO. A/S/O DANIEL AND OLIVIA MCCARTHY,<br><br>          Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>          Defendant. | CIVIL ACTION NO. 3:26-cv-00804<br><br>**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO DISTRICT COURT BASED ON DIVERSITY JURISDICTION**<br><br>**(Removal from Superior Court, Hartford Judicial District, Case No. HHD-CV26-6223993-S)** |

**TO THE CLERK OF COURT:**

**NOTICE IS HEREBY GIVEN** that Defendant Samsung Electronics America, Inc. ("SEA"), through undersigned counsel, hereby files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446, to effect removal of this action styled *Merrimack Mutual Fire Ins. Co. a/s/o Daniel and Olivia McCarthy v. Samsung Electronics America, Inc.*, bearing Case No. HHD-CV26-6223993-S, from the Superior Court of Hartford Judicial District, Connecticut ("State Court Action"), where it is currently pending, to the United States District Court for the District of Connecticut.

SEA provides the following "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff Merrimack Mutual Fire Insurance Company ("Plaintiff") and SEA. The amount in controversy also exceeds $75,000, exclusive of interest and costs.

1

**I.      This Action is Timely Removed from State Court to the Correct Venue**

1.      On March 23, 2026, Plaintiff filed the State Court Action against SEA. A copy of the Complaint, Summons, Return of Service and all other pleadings or documents served on SEA is attached as **Exhibit A**.

2.      Plaintiff's one-count Complaint asserts SEA violated the Connecticut Product Liability Act (General Statutes 52-572(m) *et seq.*). (**Ex. A**, Compl., ¶¶ 11–12.) Plaintiff alleges the violation arose from an alleged kitchen fire on April 20, 2024, at Daniel and Olivia McCarthy's (the "Insureds") residence in Enfield, Connecticut. (*Id*. at ¶¶  2–3, 7.) Plaintiff further alleges that the fire caused damage to the Insureds' property. (*Id.* at ¶ 7,)

3.      The time for removal begins when the removing defendant is formally served with process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). SEA was served with the Complaint and Summons on April 22, 2026. SEA now files this Notice of Removal within 30 days thereof. Thus, removal is timely. *See* 28 U.S.C. § 1446(b)(1); **Ex. A**.

4.      Venue is proper in this Court because the United States District Court for the District of Connecticut is the federal judicial division and district embracing the Superior Court for the Judicial District of Hartford, Connecticut, where the State Court Action was originally filed. 28 U.S.C. § 1441(a).

5.      As explained below, this case is removable to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

**II.     Removal of This Action is Proper Based on Diversity Jurisdiction**

6.      A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

Diversity of citizenship jurisdiction exists when (1) the suit is between citizens of different states and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019). Both requirements are satisfied here.

### A.    There is Complete Diversity of Citizenship.

8.    Both the Plaintiff and SEA are corporations. For purposes of establishing diversity of citizenship jurisdiction, a corporation is a citizen of (1) the state of its incorporation and (2) the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *In re Balfour MacLaine Int'l Ltd.*, 85 F.3d 68, 76 (2d Cir. 1996). To determine a corporation's principal place of business, courts apply the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). The "nerve center" is where "a corporation's officers direct, control and coordinate the corporation's activities." *Id.* In practice, it "normally should be the place where the corporation maintains its headquarters . . .". *Id.*

9.    Upon information and belief, at the time Plaintiff filed this action in State Court, Plaintiff was (and still is) incorporated under the laws of Massachusetts, with its principal place of business located at 1538 Turnpike Street, North Andover, Massachusetts 01845. Thus, upon information and belief, Plaintiff is a citizen of Massachusetts.

10.    At the time Plaintiff filed this action in State Court, SEA was (and still is) incorporated under the laws of the state of New York, with its principal place of business in New Jersey. Because SEA's corporate headquarters are in New Jersey, and its administrative and executive functions are performed at those headquarters, New Jersey is SEA's principal place of business. Thus, SEA is a citizen of New York and New Jersey.

11.    In accordance with 28 U.S.C. § 1332(a)(1), complete diversity of citizenship

3

existed at the time Plaintiff filed the Complaint and continues to exist as of this Notice of Removal because Plaintiff and SEA are citizens of different states.

**B.     The Amount in Controversy Exceeds $75,000. Exclusive of Interest and Costs**

12.     Documents supporting removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554; *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 196–97 (D. Conn. 2004) (defendant's notice of removal only has to demonstrate a "reasonable probability that the claim is in excess of the statutory jurisdictional amount") (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000)); *Koch v. Koch*, No. 18-CV-1099 (VAB), 2018 WL 4963168, at *3 (D. Conn. Oct. 15, 2018) (explaining that "[a] deeper inquiry into the evidentiary basis for an alleged amount in controversy is not required" unless "the allegation is not plausible or is made in bad faith").

13.     Although SEA specifically denies liability and that Plaintiff is entitled to any monetary or other relief, the amount in controversy, as alleged by Plaintiff, exceeds $75,000 exclusive of interest and costs.

14.     Plaintiff alleges that the April 20, 2024 fire resulted in damage to the Insured's Residence, and that Plaintiff compensated the Insureds for the resulting damage in an amount in excess of $272,204.03. (**Ex. A**, Compl., ¶¶ 7–8.)

15.     These allegations, in addition to Plaintiff's request for money damages, costs, attorney's fees, and prejudgment interest, place the amount in controversy well above the $75,000 threshold. *See Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 116 (2d Cir. 2002) (citing *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir.1999)) (the Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith

representation of the actual amount in controversy"); *Jackson v. First Niagara Bank, N.A.*, No. 16-CV-1479 (VAB), 2017 WL 4217394, at *3 (D. Conn. Sept. 22, 2017) (finding the amount in controversy requirement satisfied when the face of the Complaint alleged an amount in controversy greater than $75,000).

16.    In accordance with 28 U.S.C. § 1332(a), Plaintiff's alleged amount in controversy exceeds $75,000 exclusive of interest and costs.

### a.   All Other Removal Requirements are Satisfied

17.    This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

18.    No previous application has been made for the requested relief.

19.    SEA is the sole defendant named in the Complaint and the only defendant joined or served in this action. Accordingly, all defendants consent to removal. **Ex. A**, Compl; 28 U.S.C. § 1446(b)(2)(A).

20.    In accordance with 28 U.S.C. § 1446(a), SEA attaches a copy of all process, pleadings, and orders served on SEA in State Court as **Ex. A**.

21.    In accordance with 28 U.S.C. § 1446(d), SEA is filing written notice of this removal and will file a copy of this Notice of Removal with the clerk of the Superior Court of Hartford Judicial District, and serve a copy of this Notice of Removal and its attachments on Plaintiff.

**WHEREFORE**, Notice is given that this action is removed from the Superior Court of the Hartford, Connecticut Judicial District, to the United States District Court for the District of Connecticut. By filing this Notice of Removal, SEA does not waive any defense that may be available to it and reserves all such defenses. SEA does not waive and is expressly reserving its right to file a motion under Rule 12 of the Federal Rules of Civil Procedure. SEA further does not waive any objections it may have as to service, jurisdiction, or venue. SEA intends no admission

of fact, law, or liability by this Notice of Removal, and expressly reserves all defenses, motions, and/or pleas. Should any question arise as to the propriety of this removal, SEA respectfully requests an opportunity to provide briefing and oral argument.

Date: May 22, 2026

**DEFENDANT, SAMSUNG ELECTRONICS AMERICA, INC.**

**BY:**

*/s/ Galit Kierkut*
Galit Kierkut
**GREENBERG TRAURIG, LLP**
500 Campus Drive
Florham Park, NJ 07932
Tel. 973-360-7900
Fax: 973-301-8410
kierkutg@gtlaw.com

And

By: */s/ Laura B. Indellicati*
Steven M. Frederick (CT 08743)
Laura B. Indellicati (CT 31150)
WOFSEY, ROSEN, KWESKIN &
KURIANSKY, LLP
600 Summer Street
Stamford, CT  06901
Tel.: (203) 327-2300; Fax: (203) 967-9273
sfrederick@wrkk.com
lindellicati@wrkk.com

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2026, a copy of the foregoing Notice of Removal was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System:

Derek E. Donnelly, Esq.
Blackburn & Donnelly, LLC
2 Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
(860)-292-1116

*Counsel for Plaintiff*

*/s/ Laura Indellicati*
Laura B. Indellicati (ct31150)

7